UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIA HOWELL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GARDEN OF EDEN,<br><br>　　　　Defendant. | Case No. 20-cv-04901-JSC<br><br>**ORDER TO DEFENDANT TO SHOW CAUSE AS TO SUBJECT MATTER JURISDICTION** |

　　　　Natalia Howell filed this negligence action in the Alameda County Superior Court in December 2019 against her former employer Garden of Eden.  In July 2020, Garden of Eden removed the action to this court invoking supplemental jurisdiction under 28 U.S.C. § 1367.  Ms. Howell filed another action against Andrew Do, her former supervisor at the Garden of Eden, around the same time in the Alameda Superior Court, Mr. Do also removed pursuant to 28 U.S.C. § 1367.  *See Howell v. Do*, No. 20-cv-4897.  Both removed actions were then related to Ms. Howell's employment discrimination action filed directly in this court against Garden of Eden and Mr. Do.  *See Howell v. STRM LLC - Garden of Eden et al.*, No. 20-cv-0123, Dkt. No. 30.  Having reviewed the Notice of Removal in this action, the Court has concerns regarding its subject matter jurisdiction and ORDERS Garden of Eden to show cause as to why this case should not be remanded to the Alameda County Superior Court for lack of subject matter jurisdiction.

　　　　A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction.  28 U.S.C. § 1441(a).  Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires diversity of citizenship and an amount in controversy in excess of $75,000.  Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise out of the constitution, laws, and treaties of the United States.  A claim "arises under" federal law only if a "well pleaded complaint" alleges a cause of action based on federal law—an "actual or

anticipated defense" does not confer federal jurisdiction.  *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).  The defendant seeking removal "bears the burden of establishing that removal is proper" and "the removal statute is strictly construed against removal jurisdiction."  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).  Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004).  A case removed to federal court must be remanded back to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).

The Notice of Removal states that removal is proper here "because Howell's state law claims for damages form 'part of the same case or controversy'" as the related federal case.  (Dkt. No. 1 at 2.)  Garden of Eden bases jurisdiction on supplemental jurisdiction under 28 U.S.C. § 1367.  (Dkt. No. 1 at 2.)  This statute, however, expressly limits the scope of supplemental jurisdiction to claims within a "civil action of which the district courts have original jurisdiction."  28 U.S.C. § 1367(a).  Section 1367 does not provide for removal based on claims related to a separate action.  *See Taylor v. Brinckhaus*, No. 18-CV-00804-JCS, 2018 WL 1891454, at *2 (N.D. Cal. Apr. 20, 2018) (collecting cases).

Garden of Eden is therefore ORDERED TO SHOW CAUSE as to why this action should not be remanded to state court based on lack of subject matter jurisdiction.  Garden of Eden shall respond in writing by **September 17, 2020**.  Plaintiff may file a reply by **October 1, 2020**.

The Court CONTINUES the hearing on the pending motion to dismiss to October 15, 2020 at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: September 3, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge